Landon, J.
—It is evident that the commissioners in this proceeding regarded Mr. Judge’s title to a small piece of land, out in the street in front of his lot, as having a merely nominal value, and that he had already received from the city in his proceeding against it under chapter 258, Laws 1881, all the other compensation which he could lawfully claim.
He has acknowledged the receipt from the city of all the compensation the act required the city to pay, and in this proceeding he has been awarded the full value of his title to the land taken. By recourse to both the city and company he ought to obtain the same measure of compensation, which would have been his due from the company under the general railroad act, if the act of 1881 had not been interposed to apportion the charges between the city and company.
Section 16 of the general railroad act (chapter 140, Laws 1850), requires the commissioners to ascertain and determine the compensation which ought justly to be made by the company to the owner or owners of the real estate to be appraised by them.” The proper compensation in case the land proposed to be taken, is situate in a street or highway, the fee of which is in the owner of the adjoining land, is, first, the full value of the land; second, a fair and *869 adequate compensation for all the injury the owner has sustained and will sustain by the making of the railroad on his land; and for this purpose it is proper to ascertain and determine the effect the conversion of the street into a railroad track will have upon the owner’s land. Henderson v. The N. Y. Cent. R. R. Co., 78 N. Y., 423.
Assuming five dollars to be the full value of the land taken, one item of damage is covered. The city paid him $5,691.13. This is defined by section 4 of the act to be the “ compensation the owners of the adjoining property may be entitled to.”
These two items seem to cover the entire case; but in order to adapt the measure of damages to this particular work, the section proceeds—‘ ‘ or damages which they (the adjoining owners), may suffer by reason or on account of such changes of grades or improvements.”
Before this improvement was made both highway vehicles and railroad cars passed upon the surface of the street; after the improvement the cars passed upon the bridge. If, as is claimed, the cars upon the bridge pass nearer the adjoining lot than before, and shake it and the buildings upon it more than before, the damages resulting therefrom were in the measure thereof charged upon the city.
The commissioners in this proceeding properly refused to consider the evidence tending to show depreciation in the value of the residue of the premises. The commissioners on the part of the city were charged with the duty of considering that evidence, and it was presented to them. The substantial award made by them indicates that they made the proper award upon that account. But independently of the amount of their award, we must assume that when Mr. Judge elected to submit his case to them under the act, he submitted all the claim he had for damages to' the adjoining property, and as these would be slight if the adjoining property was not depreciated in value, the depreciation was also submitted.
The distinction which is sought to be drawn by the claimant between damages caused by the improvement upon the land in the street in front of his lot and the damages caused by separating the title of the part covered by the improvement from the title to the part retained by the claimant, does not strike us as substantial enough to support an additional item of damages.
We think the claimant has had an award made in his favor for every item of damages to which he is entitled under the general railroad law and under the act of 1881.
The order appealed from should be affirmed, with costs, as in a special proceeding.
Learned, P. J., and Williams, J., concur.